```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                          2:12-cr-48-FtM-29SPC

PEGGY S. ALBEDHADY-SANCHEZ
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion To Transfer Proceedings to District of New Jersey (Doc. #32) filed on November 9, 2012. The government filed a Response (Doc. #36) and Amended Response (Doc. #37) in opposition, to which defendant filed a Reply (Doc. #39.)

Defendant is charged with interference with a flight crew in violation of 49 U.S.C. § 46504 during an airplane flight from Newark, New Jersey to Fort Myers, Florida. The Indictment (Doc. #1) was filed in the Fort Myers Division of the Middle District of Florida, and defendant was arraigned on April 16, 2012. "The right of criminal defendants to be tried in the state and judicial district in which the alleged crime occurred is guaranteed by article III of and the sixth amendment to the United States Constitution as well as Rule 18 of the Federal Rules of Criminal Procedure." United States v. Bagnell, 679 F.2d 826, 830 (11th Cir. 1982), citing United States v. Davis, 666 F.2d 195, 198-99 (5th Cir. 1982). It is clear that venue is proper in the Fort Myers Division of the Middle District of Florida, and defendant does not

assert otherwise. (Doc. #39, p. 1.) Defendant, however, seeks a transfer of venue to the Newark Division of the District of New Jersey, pursuant to Fed. R. Cr. Pro. 21(b).

Rule 21(b) provides that "[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Cr. Pro. 21(b). Where venue is proper, the decision to grant a Rule 21(b) transfer is within the sound discretion of the Court. United States v. Kopituk, 690 F.2d 1289, 1322-23 (11th Cir. 1982). A change of venue under Rule 21(b) considers a number of factors, the significance of which will vary depending on the facts of a given case, namely (1) location of the defendant; (2) location of witnesses; (3) location of events likely to be in issue; (4) location of documents and records; (5) disruption of the defendant's business; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket conditions in each district; and (10) any other specific element which might affect the transfer. Platt v. Minn. Mining & Mfg. Co., 376 U.S. 240, 243–44 (1964). Rule 21(b) also requires consideration of the interests of justice. United States v. Walker, 665 F.3d 212, 224 (1st Cir. 2011). The relevant factors are considered as follows:

(1) Location of the defendant: Defendant is a life-long resident of Union City, New Jersey, and the closest federal courthouse to her residence is in Newark, New Jersey. Venue in Newark would clearly be more convenient for defendant, and travel would be difficult for reasons atypical of most defendants, as set forth in the Affidavit of defendant's son Alex Velazquez. (Doc. #39-1.) It is also clear, however, that a criminal defendant does not have a constitutional right to be tried in the district encompassing her residence. Bagnell, 679 F.2d at 832; see also Kopituk, 690 F.2d at 1322-23.

(2) Location of witnesses: It appears that no witness to the offense resides in New Jersey, that some reside in Florida, and that most witness will have to travel to court regardless of venue. Witnesses regarding defendant's mental and physical health are located in New Jersey.

(3) Location of events likely to be in issue: New Jersey has no connection with the offense, and Florida's only connection is because it was the final destination of the flight upon which defendant's alleged misconduct occurred, and some of the conduct may have occurred within airspace above the Middle District of Florida.

(4) Location of documents and records: Documents and records relating to competency will originate in New Jersey, and records relating to the offense will originate in Florida and elsewhere.

(5) Disruption of the defendant's business: Defendant has no business which will be disrupted.

(6) Expense to the parties: Since defendant is indigent, she will have no greater expense in one venue than the other, other than travel expenses. Defendant's concerns about the expense and inconvenience of being tried away from home are ordinarily of little relevance to a motion for a change of venue. Bagnell, 679 F.2d at 832.

(7) Location of counsel: Defendant is represented by the Federal Public Defender's Office, which also has an office in Newark.

(8) Relative accessibility of place of trial: Newark is probably more accessible for witnesses by air than is Fort Myers, but not to a significant degree.

(9) Docket conditions in each district: Both districts are busy, but undoubtedly will welcome the opportunity to hear another case.

(10) Any other specific element which might affect the transfer: Defendant has competency issues, medical and mental health issues, and logistical difficulty traveling which favor New Jersey.

After considering all of the factors in this case, the Court concludes that defendant's motion to transfer venue should be granted. Enough of the factors favor New Jersey in a manner not

typical of the usual case, or are essentially neutral given the nature of the offense, that the Court is satisfied that the matter is best handled in New Jersey.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion To Transfer Proceedings to District of New Jersey (Doc. #32) is **GRANTED**. The Clerk of the Court shall transfer the case to the Newark Division of the District of New Jersey and provide a copy of the court documents to that district.

2. The Clerk shall terminate all previously scheduled deadlines and pending motions and close the Fort Myers file.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of December, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:

Magistrate Judge

Counsel of Record